◯AO 245B   (Rev. 11/14 D/CO) Judgment in a Criminal Case
          Sheet 1

# UNITED STATES DISTRICT COURT

District of     COLORADO

UNITED STATES OF AMERICA      **JUDGMENT IN A CRIMINAL CASE**
**V.**

MICHAEL TODD OSBORN

Case Number:     15-cr-00058-CMA-1

USM Number:     72212-054

Matthew Kyle Belcher, AFPD
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to Counts    5 and 10 of the Indictment

☐ pleaded nolo contendere to Count(s) _____
    which was accepted by the Court.

☐ was found guilty on Count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1242 | Wire Fraud | 05/18/2010 | 5 |
| 18 U.S.C. §§ 1957 and 2(b) | Willfully Causing Another to Engage in Monetary Transactions in Property Derived from An Unspecified Activity and Willfully Aiding and Abetting | 06/02/2010 | 10 |

     The defendant is sentenced as provided in pages 2 through    6    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on Count(s) _____

☒ The remaining Counts of the Indictment are dismissed as to this defendant on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 1, 2016
Date of Imposition of Judgment

_/s/ Christine M. Arguello_
Signature of Judge

Christine M. Arguello, U.S. District Judge
Name and Title of Judge

12/6/2016
Date

AO 245B    (Rev. 11/14 D/CO) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT:        MICHAEL TODD OSBORN
CASE NUMBER:      15-cr-00058-CMA-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: seventy-seven (77) months for Counts 5 and 10, to be served concurrently

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　　☐ at _____    ☐ a.m. ☐ p.m.    on _____ .
　　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　☐ before 12 p.m. on _____ .
　　☐ as notified by the United States Marshal.
　　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Judgment—Page 3 of 6

DEFENDANT: MICHAEL TODD OSBORN
CASE NUMBER: 15-cr-00058-CMA-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **three (3) years** for each count, to be served concurrently

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. Except as authorized by court order, the defendant shall not possess, use or sell marijuana or any marijuana derivative (including THC) in any form (including edibles) or for any purpose (including medical purposes). Without the prior permission of the probation officer, the defendant shall not enter any marijuana dispensary or grow facility;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and
14) the defendant shall provide access to any requested financial information.

AO 245B	(Rev. 11/14 D/CO) Judgment in a Criminal Case
	Sheet 3C — Supervised Release

Judgment—Page 4 of 6

DEFENDANT:	MICHAEL TODD OSBORN
CASE NUMBER:	15-cr-00058-CMA-1

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall make restitution in the total amount of $695,000 to the victims and in the amounts indicated in the presentence report. Restitution is ordered to be directed to the addresses provided to the Clerk of the Court by the probation officer. Disbursement of restitution payments shall be made on a pro rata basis to the victims. Any disbursements returned to the Clerk of Court as unclaimed or undeliverable shall be deposited into the Court's registry and disbursed to the remaining victims on a pro rata basis.

2. The defendant shall not incur new credit charges, open additional lines of credit, or obtain or enter into any financing agreement or arrangement without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.

3. As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.

4. The defendant shall make payment on the financial/restitution obligation that remains unpaid at the commencement of supervised release. Within 60 days of release from confinement, Defendant shall meet with the probation officer to develop a plan for the payment of restitution. The defendant shall work with the probation officer in development of a monthly budget that shall be reviewed with the probation officer quarterly. The defendant shall document all income, compensation, and financial support generated or received from any source and provide such information to the probation officer as requested. The plan of payment will be based upon the defendant's income and expenses with the restitution amount to be paid in monthly installment payments. Such monthly installment payments shall be at least 10 percent of the defendant's gross monthly income. Because this sentence imposes restitution, it is a condition of supervision that the defendant pay in accordance with this Order.

5. The defendant shall not cause or induce anyone to conduct any financial transaction on his behalf or maintain funds on his behalf.

6. The defendant shall not conduct any foreign financial transactions without the advance approval of the probation officer.

7. All employment for the defendant shall be approved in advance by the supervising probation officer. The defendant shall not engage in any business activity unless the activity is approved by the probation officer. Any approved business activity must operate under a formal, registered entity. For any approved business activity, the defendant shall provide the probation officer with the names of all business entities and their registered agents. The defendant shall not register any new business entity, foreign or domestic, without the approval of the probation officer. The defendant shall not cause or induce others to register business entities on his behalf. For any approved business activity, the defendant shall maintain business records. The defendant shall provide all requested documentation and records to the probation officer regarding any of his business activities as requested by the probation officer.

8. The defendant shall not engage in employment in which he would solicit funds for investment or employment that would permit him to have custody and/or control over investor funds, and the defendant shall not be the signatory on any accounts possessing investor funds.

9. The defendant shall maintain separate personal and business finances and shall not co-mingle personal and business funds or income in any financial accounts, including but not limited to bank accounts and lines of credit.

10. The defendant shall not use an account held in the name of any other individual, trust, or entity without the express prior approval of the probation officer. If the defendant has an outstanding financial obligation, the probation office may share any financial or employment documentation relevant to the defendant with the Asset Recovery Division of the United States Attorney's Office to assist in the collection of the obligation.

AO 245B   (Rev. 11/14 D/CO) Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page   5   of   6

DEFENDANT: MICHAEL TODD OSBORN
CASE NUMBER: 15-cr-00058-CMA-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 100,000.00 | $ 695,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Nine Asset Management | $50,000.00 | $50,000.00 | |
| Maurice Teachey | $45,000.00 | $45,000.00 | |
| Estate of Brian Jaworski | $50,000.00 | $50,000.00 | |
| St. Ventures | $150,000.00 | $150,000.00 | |
| Gunnsler Holding, LLC | $50,000.00 | $50,000.00 | |
| Lord Neil B. Gibson | $50,000.00 | $50,000.00 | |
| First Mountain Fund | $25,000.00 | $25,000.00 | |
| Broad River Trust | $100,000.00 | $100,000.00 | |
| Diamond Seminar Management | $100,000.00 | $100,000.00 | |
| Capital Consultant Partners | $75,000.00 | $75,000.00 | |
| **TOTALS** | **$695,000.00** | **$695,000.00** | |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☒ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev. 11/14 D/CO) Judgment in a Criminal Case
                Sheet 6 — Schedule of Payments

DEFENDANT:      MICHAEL TODD OSBORN
CASE NUMBER:   15-cr-00058-CMA-1

Judgment — Page 6 of 6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $_____ due immediately, balance due

      ☐ not later than _____ , or
      ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

The special assessment and fine are due and payable in full immediately. Disbursement of restitution payments shall be made on a pro rata basis to the victims. Monthly installment payments shall be at least 10 percent of the defendant's gross monthly income. As directed by the probation officer, the defendant shall apply any monies, received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation in this case.

Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

     Corey Earl Engelen, 15CR00058-2

☐ The defendant shall pay the cost of prosecution. The

☐ defendant shall pay the following Court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and Court costs.