IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 15-cr-00058-CMA

UNITED STATES OF AMERICA,

   Plaintiff,

v.

MICHAEL TODD OSBORN,

   Defendant.

---

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

---

This matter is before the Court on Defendant Michael Osborn's *pro se* Motion for Compassionate Release. (Doc. # 165.) The Government and the Probation Office filed Responses (Doc. ## 171, 172) to the Motion on June 26, 2020, and June 29, 2020, respectively. Mr. Osborn did not file a Reply. For the following reasons, the Court denies the Motion.

### I.    BACKGROUND

On February 9, 2016, Mr. Osborn pled guilty to wire fraud in violation of 18 U.S.C. § 1242 and money laundering in violation of 18 U.S.C. § 1957. (Doc. ## 75–77.) On December 1, 2016, this Court imposed a sentence of 77 months of imprisonment, three years of supervised release, and a $695,000.00 restitution obligation. (Doc. ## 133, 135.) Mr. Osborn has served approximately 43 months—or 56%—of his term of imprisonment. His current projected release date is May 8, 2022. (Doc. # 172 at 1.)

In the instant Motion, Mr. Osborn requests "to be placed on home detention because of the Coronavirus." (Doc. # 165 at 1.) The Court liberally construes the Motion as one for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Government concedes, and the record establishes, that Mr. Osborn properly exhausted his administrative remedies by submitting his request to the warden of the facility in which he is housed. (Doc. # 165 at 15; Doc. # 171 at 2.) The warden denied his request on May 26, 2020.

## II.   LEGAL STANDARD

18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a defendant's sentence where "**extraordinary and compelling** reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). In doing so, the Court must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

"The authority to define 'extraordinary and compelling reasons' has been granted to the United States Sentencing Commission, which has defined that term at U.S.S.G. § 1B1.13, comment n.1." *United States v. Zukerman*, No. 16 CR. 194 (AT), 2020 WL 1659880, at *5 (S.D.N.Y. Apr. 3, 2020) (citing *United States v. Ebbers*, No. 02 Cr. 11443, 2020 WL 91399, at *4–5 (S.D.N.Y. Jan. 8, 2020)). Thus, "extraordinary and compelling reasons" exist in the following situations:

(A) Medical Condition of the Defendant.

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific

prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

### III.   ANALYSIS

Mr. Osborn has not shown that extraordinary and compelling reasons warrant a reduction, or modification, of his sentence. Mr. Osborn recently turned 50 years old, which is significantly below the threshold of 65 that qualifies an inmate for compassionate release based on the inmate's age. With respect to his health, Mr. Osborn indicates that he used cocaine in his twenties and is a former smoker, but he quit ten years ago. (Doc. # 165 at 2.)

However, apart from recently experiencing flu-like symptoms that ultimately resolved, Mr. Osborn has not shown that he has a terminal or serious medical condition that rises to the level of creating an "extraordinary and compelling" circumstance. *See* U.S.S.G. § 1B1.13 cmt. n.1(1)(A)(i)–(ii). Notably, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020). Therefore, the Court may not grant Mr. Osborn's Motion on that basis alone.

Finally, Mr. Osborn has not cited any family or other circumstances that rise to the level of being extraordinary and compelling. Although he indicates that he would like to "assist [his family] with their daily routines," (Doc. # 165 at 9), he does not allege that his children's primary caregiver has become incapacitated in any way. *See* U.S.S.G. § 1B1.13 cmt. n.1(1)(C)(i)–(ii). Therefore, Mr. Osborn has not demonstrated that he is entitled to compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

## IV.    CONCLUSION

Based on the foregoing, Defendant Michael Osborn's *pro se* Motion for

Compassionate Release (Doc. # 165) is DENIED.

DATED: July 20, 2020                    BY THE COURT:


CHRISTINE M. ARGUELLO
United States District Judge