IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Criminal Case No. 15-cr-00058-CMA

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. MICHAEL TODD OSBORN,

 Defendant.

## ORDER DENYING PETITION TO REPLACE NAME OF RESTITUTION PAYEE

 This matter is before the Court on nonparty Tara Guthrie's "Petition to Replace Name of Restitution Payee." (Docs. # 227–28.) For the following reasons, the petition is denied.

 This matter relates to a criminal case in which Defendants Michael Todd Osborn and Corey Earl Engelen (collectively "Defendants") pled guilty and were convicted, respectively, of wire fraud and money laundering, and money laundering, in violation of 18 U.S.C. §§ 2(b), 1343, and 1957. (Docs. ## 3, 76–77, 119–20, 135, 157.) Defendants were respectively and jointly and severally ordered to pay the named victim, Broad River Trust ("the Trust"), $100,000 and $94,260 in restitution.[1] (Doc. # 135 at 1, 5–6;

---

[1] In other words, Mr. Engelen is responsible for up to $94,260.39 of the $100,000 Mr. Osborn was ordered to pay. *See United States v. Salti*, 59 F.4th 1050, 1057–58 (10th Cir. 2023), *cert. denied*, No. 22-7733, 2023 WL 6378288 (U.S. Oct. 2, 2023).

Doc. # 157 at 1, 6–7.) According to Ms. Guthrie, $67,848.80 of the Trust's restitution remains outstanding. (Doc. # 227 at 1); see also (id. at 26.)

Ms. Guthrie filed the instant Petition with the Court on October 17, 2023. (*Id.*) In it, she requests that the Court substitute herself for the Trust as the restitution payee alleging that the Trust does not currently have a bank account and the loss of funds giving rise to the restitution award were originally wired from her personal account. (*Id.* at 4.) In support of her petition, Ms. Guthrie filed supporting documents including (1) a 2014 bank statement listing Ms. Guthrie and another individual as trustees, (2) five letters from the United States Department of Justice, dated between May 20, 2015, and August 15, 2016, addressed to Ms. Guthrie providing information pursuant to the Victim Notification System, (3) documentation of a transfer of $100,000 noting Ms. Guthrie as the "Originator," (4) a bank statement listing Ms. Guthrie and another individual as the owners of a bank account from which the $100,000 was transferred, (5) a copy of the Judgment against Mr. Osborn, and (6) a Case Inquiry Report showing the outstanding balances under the Judgment. (*Id.* at 5–26.)

Despite this evidence, Ms. Guthrie has not demonstrated that she has a right to receive the restitution payments in her individual capacity. The Trust, not Ms. Guthrie, is the named victim in Defendants' Judgment. (Doc. # 135 at 1, 5; Doc. # 157 at 1, 6.) The restitution order created the Trust's right to receive restitution payments. *See* 18 U.S.C. § 3664(m)(1)(B) (recognizing the victim's right to payment and codifying the victim's right to record such right as a judgment lien). Although it appears that Ms. Guthrie was, at least as of 2014, a trustee of the Trust, the evidence presented does not create a

right for Ms. Guthrie to receive restitution payments in her individual capacity. Finally, Ms. Guthrie has not presented evidence that the Trust assigned its rights to receive restitution payments to Ms. Guthrie.

Accordingly, despite the evidence provided, Ms. Guthrie has not demonstrated the right to be replaced as the payee for the restitution payments ordered in this case.

## I. CONCLUSION

For the foregoing reasons, it is ORDERED that nonparty Tara Guthrie's "Petition to Replace Name of Restitution Payee" (Docs. # 227–28) is DENIED.

DATED: October 26, 2023

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge