CO-PROB12C
(Revised 11/23-D/CO)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

U.S.A. vs. MICHAEL TODD OSBORN          DKT. NO. 15-CR-00058-SKC-01

### PETITION FOR SUMMONS ON PERSON UNDER SUPERVISION

COMES NOW, Erika M. Privette, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Michael Todd Osborn, who was placed on supervision by the Honorable Christine M. Arguello, sitting in the United States District Court in Denver, Colorado, on December 1, 2016. The defendant was sentenced to 77 months' imprisonment and 3 years' supervised release for an offense of Wire Fraud and Willfully Causing Another to Engage in Monetary Transactions in Property Derived from An Unspecified Activity and Willfully Aiding and Abetting in violation of statutes 18 U.S.C. § 1242 and 18 U.S.C. §§ 1957 and 2(b). Supervision commenced on January 12, 2022, and is set to expire on January 11, 2025. As noted in the judgment [Document 135], the Court ordered mandatory, special, and standard conditions of supervision. The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

1. **FALSIFYING WRITTEN REPORTS**

On or about December 5, 2024, the defendant submitted a written report which indicated that he was employed at Stellar Chemical Corporation, when, in fact, he has also been employed with DiVinciPay Corp., which constitutes a Grade C violation of supervised release.

On or about December 12, 2024, employment information was received indicating that the defendant has been employed with DiVinciPay Corp. Additional information has been received indicating during his employment, with DiVinciPay Corp., the defendant has been soliciting investments, receiving and possessing funds from investors. He has also been listed as a signatory on accounts. In addition, he has been possessing investor funds. At this time, it is unknown how long the defendant has been employed with DiVinciPay Corp.

2. **FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN EMPLOYMENT**

On or about December 12, 2024, information was received that the defendant has been an employee for DiVinciPay Corp. With his employment he has been soliciting, possessing, and investing funds from investors, without approval from Probation. The

Case No. 1:15-cr-00058-SKC   Document 236   filed 12/23/24   USDC Colorado   pg 2 of 3

| | | |
|---|---|---|
| Michael Todd Osborn<br>15-cr-00058-SKC-01 | Petition for Summons on Person Under Supervision<br>Page 2 | December 23, 2024 |

defendant failed to notify the probation officer of this change within 72 hours or 10 days prior to change, which constitutes a Grade C violation of supervised release.

On or about December 12, 2024, information was received indicating that the defendant was soliciting investor funds. The defendant signed a Token Purchase Agreement during his term of supervised release, in which he solicited $20,000 in funds from an individual. The defendant is aware that he cannot engage in employment in which he solicits funds for investments.

3. **FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN EMPLOYMENT**

On or about December 12, 2024, information was received that the defendant was an employee of NSAV, a penny stock company. The defendant failed to notify the probation officer of this change within 72 hours or 10 days prior to change, which constitutes a Grade C violation of supervised release.

On or about December 12, 2024, information was received indicating that the defendant was soliciting investor funds. The information received indicates that the defendant solicited funds from investors from about December 2023 until May 2024. Documents indicate that the defendant solicited about $100,000. The defendant is aware that he cannot engage in employment in which he solicits funds for investments.

### STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's alleged violations, the probation officer requests a summons. Due to the behaviors presented by the defendant and his willful decisions to continue his criminal conduct while on supervised release, a summons is requested. The criminal conduct that the defendant has engaged in mirrors his initial offense.

### RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a summons ordering the defendant to appear in court for a violation hearing, and that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Erika M. Privette*
  Erika M. Privette
  United States Probation Officer
  Place:   Denver
  Date:    December 23, 2024

Case No. 1:15-cr-00058-SKC   Document 236   filed 12/23/24   USDC Colorado   pg 3 of 3

| | | |
|---|---|---|
| Michael Todd Osborn<br>15-cr-00058-SKC-01 | Petition for Summons on Person Under Supervision<br>Page 3 | December 23, 2024 |

*s/Walter Vanni*
Walter Vanni
Supervisory United States Probation Officer
Place:   Denver
Date:    December 23, 2024

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is 2 years' imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade C violation.  The defendant's criminal history is a Category III, thus the advisory guideline range for revocation is 5 to 11 months.

**STATEMENT IN SUPPORT OF RELEASE AT INITIAL APPEARANCE:**

The defendant is not viewed as presenting a risk of flight and danger to the community. In addition, he does not present a risk of non-appearance.  Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.