# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. MICHAEL TODD OSBORN         DKT. NO. 15-CR-00058-SKC-01

## SUPERSEDING PETITION DUE TO VIOLATIONS OF SUPERVISION

COMES NOW, Erika M. Privette, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Michael Todd Osborn, who was placed on supervision by the Honorable Christine M. Arguello, sitting in the United States District Court in Denver, Colorado, on December 1, 2016. The defendant was sentenced to 77 months' imprisonment and 3 years' supervised release for an offense of Wire Fraud and Willfully Causing Another to Engage in Monetary Transactions in Property Derived from An Unspecified Activity and Willfully Aiding and Abetting in violation of statutes 18 U.S.C. § 1242 and 18 U.S.C. §§ 1957 and 2(b). Supervision commenced on January 12, 2022, and is set to expire on January 11, 2025. As noted in the judgment [Document 135], the Court ordered mandatory, special, and standard conditions of supervision. The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

1. **FAILURE TO COMPLY WITH THE SPECIAL CONDITION NOT TO ENGAGE IN EMPLOYMENT SOLICITING FUNDS FOR INVESTMENT**

From October 2022 through August 2024 the defendant was soliciting funds on behalf of DiVinciPay Corp, which constitutes a Grade C violation of supervised release.

On or about December 12, 2024, information was received indicating that the defendant was solicitating investor funds on behalf of DiVinciPay Corp. Specifically, the defendant had been soliciting investments and receiving and possessing funds from various investors in the amount of approximately $280,000.00. The defendant is aware that he cannot engage in employment in which he solicits funds for investments.

2. **FAILURE TO COMPLY WITH THE SPECIAL CONDITION NOT TO ENGAGE IN EMPLOYMENT SOLICITING FUNDS FOR INVESTMENT**

From December 2023 through May 2024 the defendant was soliciting funds on behalf of NSAV, which constitutes a Grade C violation of supervised release.

On or about December 12, 2024, information was received indicating that the defendant was soliciting investor funds on behalf of NSAV. Specifically, from December 2023 through May 2024, the defendant solicitated $100,000.00 as an investment in NSAV

from M.F. and S.M. The defendant is aware that he cannot engage in employment in which he solicits funds for investments.

### RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

That this superseding petition replace the previously submitted petition [Document 236] and that the Court consider revocation of supervision at the violation hearing based on the superseding petition.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Erika M. Privette*
  Erika M. Privette
  United States Probation Officer
  Place:   Denver
  Date:    February 19, 2025

*s/Walter Vanni*
  Walter Vanni
  Supervisory United States Probation Officer
  Place:   Denver
  Date:    February 19, 2025

### PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is 2 years' imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade C violation. The defendant's criminal history is a Category III, thus the advisory guideline range for revocation is 5 to 11 months.